STATE OF NEW YORK, Respondent, v. WILLIAM DUCHSCHERER, JR., Appellant, et al., Defendant.

RELIANCE INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Respondent, v. WILLIAM DUCHSCHERER, JR., et al., Third-Party Defendants-Appellants.

Third Department, July 8, 1970.

8

*Windels, Merritt & Ingraham* (*Francis E. Koch* of counsel), for William Duchscherer, Jr., and another, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Douglas L. Manley* and *Ruth Kessler Toch* of counsel), for respondent.

*De Graff, Foy, Conway & Holt-Harris* for defendant and third-party plaintiff-respondent.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court, Albany County, entered November 28, 1969 upon an order of Supreme Court at Special Term, dated November 26, 1969, which granted a motion by plaintiff for summary judgment in the sum of $7,500.79, plus interest and costs, against defendants William Duchscherer, Jr. and Reliance Insurance Company, and further granted a cross motion by third-party plaintiff, Reliance Insurance Company, for summary judgment over in the sum of $7,500.79, plus interest and costs, against third-party defendants William Duchscherer, Jr. and Lawrence H. Calloway.

In 1966 and 1967 appellant William Duchscherer, an oil and gas operator, drilled some 25 exploratory natural gas wells in New York State. Many of the wells were abandoned as insufficient for profitable gas production, and were thereupon plugged by Duchscherer or by contractors employed by him. Three of said wells the State alleges were not properly plugged, and gas continued to escape from them. After several attempts by Duchscherer to successfully plug these three wells, he declined to do any more replugging, even though he concedes that they

continued to leak gas. The State notified him by telegram on January 5, 1968 that if he did not commence replugging work no later than February 7, 1968 and diligently continue said work to a conclusion compatible with the laws of the State of New York, the State would be forced to engage a contractor and plug the wells at his expense. During June and July of 1968 contractors employed by the State of New York successfully plugged the three wells, and the State now sues to recover the expense incurred.

The action was commenced pursuant to section 75 of the Conservation Law against Duchscherer and Reliance Insurance Company, the surety on the bond guaranteeing performance of the work by Duchscherer. The bonding company brought a third-party action over against Duchscherer and Lawrence H. Calloway, cosigner on the application for the performance bond and agreement to indemnify Reliance Insurance Company. It is conceded that if Duchscherer is liable to the State, so is Reliance Insurance Company and, on the cross motion, Duchscherer and Calloway are also liable to Reliance Insurance Company.

The basic contention of Duchscherer in opposing the motion for summary judgment is that he capped and replugged the wells in question in strict compliance with the instructions of the representatives of the Conservation Department, and that he followed accepted procedures in doing so and, therefore, has fulfilled his responsibility under the law and, in any event, there are questions of fact requiring a trial of the issues. He contends that liability may be based only on his noncompliance with the Conservation Department's plugging regulation and not merely on the existence of a leak.

Section 75 of the Conservation Law provides in part as follows:

" 1. With respect to oil pools or fields and natural gas pools or fields to which section seventy-four does not apply, the department shall have power to: *　*　*

" (c) Require the drilling, casing, operation and plugging of wells in accordance with rules and regulations of the department in such manner as to prevent the escape of oil, gas or water out of one stratum into another; the intrusion of water on to oil or gas stratum; the pollution of fresh water supplies by oil, gas or salt water; and to prevent blow-outs, cavings, seepages and fires. *　*　*

" (k) Enter, take temporary possession of any abandoned well and plug the same as provided in its plugging rules and regulations, whenever any operator shall neglect or refuse to

comply with such rules and regulations. Such plugging by the department shall be at the expense of the operator whose duty it shall be to plug the well. Prior to the commencement of drilling of any well to which this section applies, the department shall require the operator to furnish to the department a bond acceptable to it conditioned for the performance of said operator's plugging responsibilities with respect to said well, or in lieu of such bond, proof of financial responsibility satisfactory to the department.''

The obvious intent of the State is to require plugging wells in such manner as to prevent the escape of gas. This was the duty and responsibility of appellant Duchscherer, and he failed to effectively perform the work required of him by statute. In addition, after the State directed him to commence the work of plugging the three wells in February, 1968, and to diligently continue the work to a conclusion compatible with the State law, he refused to comply with said direction despite the fact that he admitted that gas was escaping from the three wells after his plugging attempts.

Preventing the escape of gas is obviously the object and purpose of plugging abandoned natural gas wells. It is increasingly important that this legislative safeguard against environmental pollution and against destructive and dangerous gas blowouts and fires be strictly enforced in accordance with the plain language of the statute. After appellant Duchscherer's failure to properly plug the three wells, it was the State's duty to enter and plug the abandoned wells and charge the expense to the operator whose duty it was to initially plug the wells. Appellants have failed to raise any triable issues, and the trial court properly awarded summary judgment.

Appellants further contend that they are entitled to a remand for assessment of damages claiming that they do not know what work was done, how much it cost, and whether it was necessary. The State's complaint sets forth the exact amount expended for each well, and thus presents a sworn statement of the exact amount expended. Under such circumstances, a triable issue of fact is not raised requiring a trial of the issue of damages.

The judgment should be affirmed, with costs.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed, with costs.